James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

*Attorneys for Plaintiff,*
*Fednav International Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDNAV INTERNATIONAL LTD. individually and on behalf of M/V FEDERAL TIBER (IMO No. 9644483)<br><br>                       Plaintiff,<br><br>- against -<br><br>O.W. BUNKER & TRADING A/S, BUNKER HOLDINGS LTD. and ING BANK N.V.<br><br>                       Defendants. | Case No.: 15 Civ. _____ ( )<br><br>**COMPLAINT**<br>**FOR INTERPLEADER**<br>**<u>PURSUANT TO RULE 22</u>** |

Plaintiff Fednav International Ltd. ("Fednav" or "Plaintiff"), by and through its attorneys Holland & Knight LLP, brings this action pursuant to Rule 9(h), as and for its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22 and alleges, upon information and belief, as follows:

### THE PARTIES

1.    Fednav is a foreign corporation or business entity organized and existing pursuant to the laws of a foreign country, with an office and place of business at 1000 de la Gauchetière Street West, Suite 3500, Montreal, Quebec H3B 4W5 Canada.

2. Baffin Investments Ltd ("Baffin" or "Owner") is a party-in-interest and at all material times was and is the owner of the vessel M/V Federal Tiber (the "Vessel").

3. Defendant O.W. Bunker & Trading A/S ("O.W. Denmark") is a corporation or business entity organized and existing pursuant to the laws of Denmark, with an office and place of business at Stigsborgvej 60, DK-9400 Norresundby, Denmark.

4. Defendant Bunker Holdings Ltd. ("Bunker Holdings") is a corporation or business entity organized and existing pursuant to the laws of a foreign country, with an office and place of business at 4th floor, Vashiotis Business Center, 156 28th October & Iakovou Tompazi Street, 3107, Limassol, Cyprus.

5. Defendant ING Bank N.V. ("ING") is a bank organized and existing pursuant to the laws of the Netherlands with an office and place of business located at Amsterdamse Poort, Bijlmerplein 888, 1102 MG Amsterdam, The Netherlands.

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, inasmuch as it involves the interpleader of funds in the possession of Fednav for the payment pursuant to a bunker supply contract for the provision of necessaries (i.e., fuel oil or bunkers) to the vessel M/V Federal Tiber.

7. This Court has personal jurisdiction over defendants O.W. Denmark pursuant to the terms of the applicable bunker supply contract and O.W. Bunker Group Standard Terms and Conditions.

8. This Court has personal jurisdiction over Bunker Holdings pursuant to Bunker Holdings' terms and conditions which purport to apply the local law to establish a maritime lien

for the provision of necessaries wherever the Vessel (and therefore its substitute) may be found. In addition, Bunker Holdings has made threats of arrest alleging that it holds a valid maritime lien, presumably under U.S. law.

9. This Court has personal jurisdiction over ING to the extent it is or may be a third-party beneficiary of the bunker supply contracts at issue in this dispute and to the extent that it is an alleged assignee of the receivables of O.W. Denmark. Additionally, ING transacts business within the jurisdiction of this Court and has a place of business at 1325 Avenue of the Americas, New York, New York 10019.

10. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

11. This is an action for Rule Interpleader pursuant to Fed. R. Civ. P. 22, with respect to the principal sum of $267,868.00, representing the highest amount claimed for the supply of bunkers to the Vessel. With respect to payment for such supply, O.W. Denmark, Bunker Holdings, ING or some other third party have and may have conflicting claims as to ownership of the fuel payment funds owed by Fednav for the purchase of and receipt of a specific and finite quantity of bunkers (fuel) in the port of Tuapse, Russia by the Vessel (the "Fuel Delivery").

## FACTUAL BACKGROUND

12. Fednav was the charterer of the M/V Federal Tiber at the time of the Fuel Delivery.

13. On or about October 16, 2014 Fednav ordered bunkers from O.W. Denmark to be loaded onboard and consumed by the Vessel. The bunkers were to be supplied to the Vessel within the port of Tuapse, Russia on or about October 21-25, 2014. The confirmation lists O.W. Denmark as the seller, and Bunker Holdings as the supplier, and also states that "[d]elivery will be made in

3

accordance with the terms and conditions of O.W. Bunker & Trading A/S (the Seller)." A true and correct copy of the Sales Order Confirmation is attached hereto as Exhibit 1.

14. The bunkers were delivered to the Vessel on October 24, 2014. A bunker delivery receipt was issued by Bunker Holdings. A true copy of the bunker delivery receipt is attached hereto as Exhibit 2.

15. An invoice was never issued to Fednav by O.W. Denmark for the supply of bunkers to the Vessel. However, ING has demanded payment on behalf of O.W. Denmark in the amount of $267,868.00. A true copy of ING's Notice of Enforcement Event dated November 7, 2014 is attached hereto as Exhibit 3.[1] Despite the Notice listing an invoice dated October 24, 2014, no invoice was ever issued or received for the Fuel Delivery.

16. The standard terms and conditions of all OW Bunker entities for the sale of bunkers includes clause P.5: "Without prejudice to any other Clause herein any disputes and/or claims arising in connection with these conditions and/or any Agreement governed by them, any dispute and/or claim aris[ing] in connection with a Vessel detained by Seller at any port, place or anchorage within the United States shall be submitted to the United States District Court for the Southern District of New York." A true copy of the OW Bunker Group Standard Terms and Conditions is attached hereto as Exhibit 4.

17. The Standard Terms and Conditions of Bunker Holdings at clause 6.9 state: "The overdue payments shall constitute a lien against the Vessel to the extent permitted by pertinent local law."

---

[1] ING's Notice of Enforcement Event states at Paragraph 5 that "we collect the underlying receivable in our capacity as Security Agent and any payment to any Collection Account therefore constitutes a payment to us in our capacity as Security Agent and does not constitute a payment to that Chargor [O.W. Bunker & Trading A/S]." Therefore, any payment to ING will not extinguish the maritime lien of O.W. Denmark.

4

18.     Further, Section 11, entitled "Arrest of the Vessel" permits that:

> Notwithstanding anything to the contrary herein and without prejudice to any rights or remedies otherwise available to the Seller, the Buyer, by its acceptance of these conditions, expressly authorizes the Seller to arrest the Vessel in question, or any other Vessel owned or operated by the Buyer, under any applicable jurisdiction as security for the obligations of the Buyer. Should the Buyer fail to make any payment to the Seller immediately when due the Seller may dispose of such arrested Vessel whether by sale or otherwise as applicable under the relevant jurisdiction.

19. Finally, the Bunker Holdings terms and conditions under Section 13 Law and Jurisdiction state:

> For the sole benefit of the Seller it is further agreed that the Seller without prejudice to any rights hereunder of the Seller or any claim raised pursuant to Clause 13.1. above have the right to proceed against the Buyer, any third party or the Vessel in such jurisdiction as the Seller in its sole discretion sees fit inter alia for the purpose of securing payment of any amount due to the Seller from the Buyer or the Owner (pursuant to a payment guarantee). In such circumstances the proceedings shall be governed by the law (substantive and procedural) of such jurisdiction.

A true and correct copy of the Bunker Holdings standard terms and conditions are attached hereto as Exhibit 5.

20.     On November 7, 2014, O.W. Bunker & Trading A/S and certain of its Danish subsidiaries and affiliates filed for bankruptcy in their home jurisdiction of Denmark. Thereafter many other O.W. entities and/or affiliates filed for bankruptcy in various other jurisdictions around the world. No foreign O.W. bankruptcy proceeding has been recognized in the United States pursuant to Chapter 15 of the U.S. Bankruptcy Code.

21.     Pursuant to an Omnibus Security Agreement dated December 19, 2013 between O.W. Bunker & Trading A/S and its subsidiaries, and ING as Security Agent, the O.W. entities have allegedly assigned certain rights in respect of their supply contracts as security to ING. On November 12, 2014 PricewaterhouseCoopers LLP were appointed as joint receivers of O.W. Bunker assets assigned to ING.

22. Due to the bankruptcy filings of O.W. Denmark and other O.W. group entities, O.W. Denmark, Bunker Holdings and ING have sought or are expected to seek to collect amounts allegedly owed to them arising from or related to the supply of bunkers to the Vessel.

23. On November 8, 2014, in response to the bankruptcy of O.W. Denmark and O.W. Far East, Bunker Holding requested payment of its invoice for the fuel delivery in the amount of $257,180.00 directly from Fednav. Bunker Holdings attached to its demand the invoice issued from Bunker Holdings to O.W. Denmark and the purchase order confirmation between the parties. The demand indicates that Bunker Holdings allegedly "has the benefit of a maritime lien over the vessel." A true and correct copy of the demand for payment is attached hereto as Exhibit 6.

24. On October 20, 2015, ING, through its receivers and as assignee of O.W. Denmark, demanded the posting of security by letter of undertaking ("LOU") solely for ING's benefit with a breakdown of heavily accruing interest calculations. In its demand for security, ING stated that "ING is willing to hold off on any arrest action until COB on Friday [October 23, 2015]." A true and correct copy of the demand and threat of arrest is attached hereto as Exhibit 7.

25. Fednav recently received additional representations from ING that the vessel is on arrest watch.[2]

## ARREST OF VESSEL AND NECESSITY OF INTERPLEADER

26. Under United States maritime law, the contract supplier (such as O.W. Denmark) of necessaries, including fuel, to a vessel may obtain a maritime lien against that vessel. Additionally, under certain circumstances, a physical supplier (or transporter) of the fuel (such as Bunker Holding) may also assert a maritime lien on that vessel.

---

[2] The undersigned counsel understands that such communications between English counsel were labeled "without prejudice" and therefore may be subject to privilege under English law. Therefore, without the consent of ING, certain communications have not been attached hereto.

6

27. Indeed, Bunker Holdings has initiated other Rule C arrest actions in O.W. Bunker-related matters for nonpayment, alleging that its terms and conditions provide for a maritime lien under U.S. law.[3] In addition, Bunker Holdings has in certain instances arrested bunkers and other property in the United States pursuant to Supplemental Admiralty Rules B and D, asserting *in personam* claims against the vessel owners pursuant to the Bunker Holdings standard terms and conditions.[4] Fednav and Baffin are at risk of similar attachments on their vessels calling in the United States based on *in personam* claims by Bunker Holdings. Currently, there are at least 17 Fednav-operated ships with Fednav-owned fuel on board in the United States or expected to be in the United States in the next three weeks.

28. Moreover, other parties, such as ING, have asserted a right to payment for the Fuel Delivery. *See* Exhibit 7. Upon information and belief ING's claims are based on assignments of receivables by various O.W. entities including but not limited to O.W. Denmark.

29. The Vessel regularly trades in the United States, will sail for North America on or about November 12, 2015, and it is anticipated that it may soon call at one or more ports in the United States and may face arrest (Exhibit 7)[5] pursuant to Supplemental Admiralty Rule C by the defendants claiming to assert a maritime lien,[6] which would cause harm to Plaintiff, delay the

---

[3] *See Bunker Holdings Ltd. v. M/Y YM SUCCESS*, Case No. 14-cv-6002 (W.D. Wash.) (set for 3-day trial in June 2016).

[4] *See, e.g. Bridge Oil, Ltd. v. Emerald Reefer Lines, LLC et al*, Case No. 06-cv-3368 (D.Md.) (D.E. 9) (Bunker Holdings as intervenor attaching plaintiff).

[5] A review of the Federal pacer electronic records system shows that ING is engaged in an aggressive national strategy of vessel arrests in connection with the O.W. Bunker disputes. *See e.g., ING Bank N.V. v. M/V White Diamond*, Case No. 15-cv-24 (S.D. Tex.) (summary judgment motion filed by ING); *ING Bank N.V. v. M/V Temara*, Case No. 15-cv-1488 (D.Md.) (summary judgment motion filed by ING); *Barcliff, LLC v. M/V Deep Blue*, Case No. 14-cv-590 (S.D. Ala.) (ING as intervening arresting plaintiff, case scheduled for trial in November 2015).

[6] Plaintiff makes no assertion nor take a position as to the validity of any of the potentially asserted maritime lien or other claims by any of the Defendants or whether O.W. Denmark has validly assigned any maritime lien or other claims to ING. These issues remain to be decided.

7

Vessel, affect innocent third parties with interests in the Vessel's cargo and generally inhibit and interfere with maritime commerce.

30. Fednav presently has control over the funds invoiced for the Fuel Delivery to the Vessel. Plaintiff disclaims any interest in the amount invoiced for the supply of bunkers to the Vessel.

31. Fednav cannot ascertain whether the amount owed for the Fuel Delivery should be paid to O.W. Denmark, Bunker Holding or ING in order to extinguish all maritime liens and/or other claims against Fednav, the vessel owner Baffin and the Vessel and to prevent the Vessel's arrest or attachment, or the attachment of Fednav's property in this District or elsewhere and to prevent double liability for the Fuel Delivery.

32. The competing claims of the Defendants or other third parties will likely expose Fednav, Baffin and the Vessel to multiple liabilities in connection with the payment of the bunker invoice in order to extinguish competing maritime lien claims and/or other *in personam* or non-maritime claims.

33. Although a deposit of disputed property is not required under Fed. R. Civ. P. 22 "Rule Interpleader," Fednav, acting on behalf of the Vessel, is nonetheless willing to deposit with the Court the sum of at least $267,868.00, representing the highest amount claimed for the Fuel Delivery, as this Court may order, so that O.W. Denmark, Bunker Holding, ING and any other claimant may interplead among themselves to establish their respective rights to the funds.

34. Further, in order to comply with the requirements of Supplemental Admiralty Rule E(5)(a) and for the funds deposited into the registry to constitute security for the *in rem* claims of the claimants and to act as the substitute *res* against which claimants must assert their maritime liens for the Fuel Delivery, Plaintiff is prepared to deposit an additional amount ($16,072.08)

constituting 6% interest per annum or such other amount as the court deems just and proper. Thus, the total amount of the proposed deposit is calculated to be $283,940.08, inclusive of one year of interest.

35. After depositing the sum of $283,940.08 with the Court, Fednav and Baffin are entitled to be discharged from further *in personam* liability with respect to the funds and liability for payment for the Fuel Delivery. The Vessel is similarly entitled to be discharged from any maritime lien against it arising from the Fuel Delivery as described herein and as reflected in Exhibits 1 - 3.

WHEREFORE, Plaintiff Fednav International Ltd., individually and on behalf of the vessel Federal Tiber, respectfully requests that this Court:

(i) determine which of the defendants is entitled to the Fuel Delivery funds, or, in the alternative, the share of each defendant, if any;

(ii) enjoin O.W. Bunker & Trading A/S, Bunker Holding Ltd, ING Bank, N.V. and any later-identified claimants from commencing any action against Fednav International Ltd or Baffin Investments Ltd *in personam* or the vessel Federal Tiber *in rem*, including but not limited to the arrest or attachment of the Vessel or any assets owned by Fednav (including bunkers) in any port, pursuant to Supplemental Admiralty Rules C or B based on the assertion of any *in rem* claim or *in personam* claim directed against Fednav or Baffin for the provision of the bunkers referred to herein as the Fuel Delivery;

(iii) discharge Fednav and Baffin from any liability on any claim that has been made or may in the future for the Fuel Delivery upon Plaintiff's deposit of $283,940.08 into this Court's registry, or such other amount the Court finds sufficient to discharge Fednav, Baffin and the Vessel from liability for the Fuel Delivery;

(iv) discharge the Vessel from any liability on any claim that has been made or may in the future be made for the Fuel Delivery upon Plaintiff's deposit of $283,940.08 into this Court's registry;

(vi) award Plaintiff its costs and attorneys' fees in this action; and

(vii) award the return of any amount remaining in the registry (e.g., the interest deposit) to the Plaintiff upon the ultimate disposition of claims to the deposited Fuel Delivery funds; and

(viii) award Plaintiff such other and further relief which this Court may deem just and proper.

Dated: New York, New York
       November 5, 2015

                        HOLLAND & KNIGHT LLP

                        By: _____
                        James H. Power
                        Marie E. Larsen
                        31 West 52nd Street
                        New York, New York 10019
                        Telephone: 212-513-3200
                        Telefax: 212-385-9010
                        Email: james.power@hklaw.com
                                       marie.larsen@hklaw.com

*Attorneys for Plaintiff, Fednav International Ltd., individually and on behalf of M/V Federal Tiber (IMO No. 9644483)*

#37685553_v1