James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

*Attorneys for Plaintiff,*
*Fednav International Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDNAV INTERNATIONAL LTD.
individually and on behalf of
M/V FEDERAL TIBER (IMO No. 9644483)

                       Plaintiff,

- against -

O.W. BUNKER & TRADING A/S, BUNKER
HOLDINGS LTD. and ING BANK N.V.

                      Defendants.

Case No.: 15 Civ. _____ ( )

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR RESTRAINING ORDER PURSUANT TO 28 USC § 2361

Plaintiff Fednav International Ltd. ("Fednav" or "Plaintiff") files this memorandum of law in support of its Application for a Preliminary Injunction.

### STATEMENT OF FACTS

Plaintiff filed its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22 to resolve competing claims to amounts owed for the sale and delivery of fuel to the vessel M/V Federal Tiber (the "Vessel") in the Port of Tuapse, Russia on October 24, 2014 (the "Fuel Delivery").

As set forth in its Complaint for Interpleader, filed herewith, Plaintiff, the vessel owner Baffin Investments Ltd ("Baffin") and the Vessel are faced with uncertainty as to the proper recipient of funds owed for the Fuel Delivery.

On or about October 16, 2014, Fednav ordered bunkers to be loaded onboard and consumed by the Vessel from O.W. Bunker & Trading A/S ("O.W. Denmark") as set forth in the Complaint. The supplier for the Fuel Delivery was listed on the Sales Order Confirmation as defendant Bunker Holdings Ltd ("Bunker Holdings"). The bunkers were delivered to the Vessel in the Port of Tuapse, Russia on October 24, 2014. A bunker delivery receipt for the Fuel Delivery was issued by Bunker Holdings. An invoice was never issued to Fednav by O.W. Denmark for the supply of bunkers to the Vessel, but according to the sales confirmation, the bunkers were supplied by O.W. Denmark based on the standard O.W. terms and conditions.

On November 7, 2014, O.W. Bunker and certain of its Danish subsidiaries and affiliates filed for bankruptcy in their home jurisdiction of Denmark. Pursuant to an Omnibus Security Agreement dated December 19, 2013 between O.W. Bunker and certain of its subsidiaries, and ING as Security Agent, the O.W. entities have allegedly assigned certain rights in respect of their supply contracts as security to ING.

Due to the bankruptcy filings of O.W. Denmark and other O.W. entities, there is a significant risk that O.W. Denmark, Bunker Holdings, ING or another party will take action to collect the funds owed for the bunkers. Indeed, demands for payment and threats of arrest have been received from ING and Bunker Holdings. *See* Comp., Exs. 6 and 7.

Under United States maritime law, the contract supplier of necessaries, including fuel, to a vessel may obtain a maritime lien against that vessel. Additionally, under certain circumstances, a physical supplier or transporter (such as Bunker Holdings) may also assert a

maritime lien on that vessel. As such, a number of claimants have already or may allege rights to amounts owed for the sale of necessaries to the Vessel, giving rise to a maritime lien claims under the Maritime Lien and Commercial Instruments Act, 46 U.S.C. § 31301 *et seq*. There also exists the alleged *in personam* rights of action asserted by ING and possibly by the other claimants.

Plaintiff cannot ascertain whether the amount owed should be paid to O.W. Denmark, Bunker Holdings, ING or some other party in order to extinguish all maritime liens against the Vessel for the Fuel Delivery and to prevent the Vessel's arrest or attachment in this District or elsewhere as well as discharging Fednav or Baffin's *in personam* liabilities (if any).

The Vessel calls in the United States and will likely face arrest pursuant to Supplemental Admiralty Rule C or attachment pursuant to Rule B by one or more of the defendants claiming to assert a maritime lien, which would cause harm to Plaintiff and the Vessel, delay the Vessel, affect innocent third parties with interests in the Vessel's cargo and generally inhibit maritime commerce. Bunker Holdings or other claimants may also arrest bunkers and other property of Fednav or Baffin onboard their vessels calling the United States pursuant to Supplemental Admiralty Rules B and D, asserting *in personam* claims pursuant to the Bunker Holdings standard terms and conditions. Allowing *in personam* actions to proceed in possibly multiple jurisdictions makes little sense given the presence of funds in this action as well as all the (known) necessary parties.

## ARGUMENT

### THIS COURT HAS JURISDICTION OVER THIS ADMIRALTY RULE INTERPLEADER ACTION PURSUANT TO 28 U.S.C. § 1333 AND FEDERAL RULE OF CIVIL PROCEDURE 22

Rule 22 states that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Rule interpleader is a procedural device which differs from the interpleader statute because it does not independently confer federal jurisdiction. While many rule interpleader cases typically consider whether the Court has diversity jurisdiction (28 U.S.C. § 1332), e.g., *Glencova Inv. Co. v. Trans-Resources, Inc.*, 874 F. Supp. 2d 292, 304-05 (S.D.N.Y. 2012); *Geler v. National Westminster Bank USA*, 763 F.Supp. 722, 726 (S.D.N.Y. 1991), this Court has undoubted admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333. *See* 14-cv-9262 (S.D.N.Y.) (VEC) (D.E. 76) at 15-16.

While minimal diversity is a requirement of statutory interpleader (*see* 28 U.S.C. § 1335), in rule interpleader there is no minimal diversity requirement. As opposed to nationwide service of process provided for in 28 U.S.C. § 2361, in rule interpleader the Court must have personal jurisdiction over the defendants and service is effected in the usual manner pursuant to Fed. R. Civ. P. 4. In this case, personal jurisdiction exists over each of the defendants pursuant to their terms and conditions governing the Fuel Delivery, affirmative agreement to this Court's jurisdiction, and by the presence of ING within the district.[1] Comp. ¶ 9.

Under rule interpleader a deposit of the asset or funds into the court is not a jurisdictional prerequisite. *See, e.g., John v. Sotheby's, Inc.*, 141 F.R.D. 29, 33 (S.D.N.Y. 1992) (citing *National Union Fire Ins. Co. v. Ambassador Group, Inc.*, 691 F.Supp. 618, 621 (E.D.N.Y. 1988), *Nationwide Mutual Ins. Co.*, 555 F.Supp. at 778 and 3A James W. Moore, *et al.*, Moore's Federal

---

[1] It is noteworthy that no party has contested personal jurisdiction in any of the related interpleader actions before Judge Caproni in the Southern District of New York (lead case *UPT Pool Ltd. v. Dynamic Oil Trading (Singapore), Pte. Ltd.*, No. 14-cv-9262).

Practice ¶ 22.10 (2d ed. 1989) [now volume 4, ¶ 22.04 [6][a] (3d ed. 2014)]; see also *Wells Fargo Bank, Nat. Ass'n*, 2014 WL 896741 at *1 n.1. However, the court has discretion to order a deposit under its equitable authority and pursuant to Fed. R. Civ. P. 67. 141 F.R.D. at 33-34. Fednav respectfully asserts that a deposit of the disputed funds is not required in order to maintain jurisdiction over this interpleader action, but nonetheless makes the present application for the deposit of funds into the registry in order to provide a substitute *res* for the Vessel against which the competing claimants may assert their *in rem* and *in personam* claims in the same manner as the related interpleader actions pending in this District.

### THE CLAIMANTS SHOULD BE ENJOINED FROM *IN REM* AND *IN PERSONAM* ACTIONS IN CONNECTION WITH THE FUEL DELIVERY

In addition to this Court's discretion to enter an order for the deposit of the disputed funds, this Court may also issue a restraining order against the arrest or attachment of the Vessel. An interpleader action protects a disinterested stakeholder from multiple claims to a limited fund by providing a forum and procedure to adjudicate all competing interests. *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 534 (1967). While 28 U.S.C. § 2361 is not applicable to a rule interpleader action, a court can nonetheless issue an appropriate injunction necessary to preserve the purpose and effectiveness of the interpleader. "Under rule interpleader, the Court retains the discretion to restrain the litigants before the Court from litigating claims in derogation of the Court's exercise of jurisdiction." *New Jersey Sports Productions, Inc. v. Don King Productions, Inc.*, 15 F. Supp. 2d 534, 545 (D. N.J. 1998) (quoting 7 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1717 [3d ed. updated April 2015]: "… the mere fact that a nationwide injunction under Section 2361 is not available in rule interpleader does not mean that the court does not have discretion in the latter context to issue an order against those claimants that have been subjected to the Court's jurisdiction in accordance

5

with the more traditional rules of process applicable in cases under Rule 22. Certainly if the court can assert personal jurisdiction over a claimant it has the power to issue an order designed to effectuate the exercise of jurisdiction"); *see also Geler v. National Westminster Bank USA*, 763 F.Supp. 722, 728-29 (S.D.N.Y. 1991). Injunctive relief will further the purposes of this rule interpleader by preventing a multiplicity of action and reduce the possibility of inconsistent determinations or the inequitable distribution of the funds.

Additionally, this Court's powers under the equitable principles in admiralty permit it to grant relief necessary to effectuate the purpose of interpleader. *See, e.g., Allied Maritime, Inc. v. Descatrade SA*, 620 F.3d 70, 76 (2d Cir. 2010) ("As a court sitting in admiralty, 'we may use equitable principles where appropriate to avoid injustice.'") (quoting *Montauk Oil Corp. v. Sonat Marine, Inc.*, 871 F.2d 1169, 1172 (2d Cir. 1981)). Where, as here, a stakeholder pleads Rule 9(h) and seeks to deposit security sufficient under Rule E(5)(a) to secure the *in rem* claims of third parties in order to release a vessel or prevent its arrest the plaintiff invokes the admiralty jurisdiction of the District Court. Courts sitting in admiralty have broad discretion to fashion equitable remedies. These rightfully include issuing orders enjoining arrest of a vessel anywhere in the world for a claim in which the owner has posted substitute security. To the extent that the relief sought by Fednav would enjoin the defendants/claimants from initiating actions against Fednav, Baffin and/or the Vessel in jurisdictions outside the U.S., Fednav submits such relief is well within the Court's equitable jurisdiction. *See, e.g., T-Jat Sys. 2006 Ltd. v. Amdocs Software Sys. Ltd.*, 2013 WL 6409476, No. 13 Civ. 5356 (HB) *4 (S.D.N.Y. Dec. 9, 2013) ("[E]quity along with the threats of inconsistency and a race to judgment also support an anti-suit injunction.").

The Defendant-claimants' right to assert a maritime lien (and any *in personam* claims) will be fully preserved as the claims can be asserted against the funds in the court's registry. *See e.g. Starboard Venture Shipping, Inc. v. Cainomar Transp., Inc.*, 1994 A.M.C. 1320 (S.D.N.Y. 1993) (property already held in *custodia legis* can be attached) (citing *The Lottawanna*, 87 U.S. (20 Wall.) 201 (1873) and *Ravenna Tankers Pte. v. Omni Ships Pte. Ltd.*, 2014 A.M.C. 1190 (E.D. La. 2013) (held claimant's lien can attach to funds in the Court Registry as funds were substituted *res* for ship)). The funds on deposit in the registry of the Southern District of New York may be deemed security provided by Plaintiff individually and on behalf of the Vessel under Rule E of the Supplemental Rules for Admiralty and Maritime Claims, just as though a claimant had in fact physically served a warrant of arrest on the Vessel or arrested the Vessel outside the United States.

### A PRELIMINARY INJUNCTION SHOULD ISSUE PURSUANT TO RULE 65

Federal Rule of Civil Procedure 65 provides for the granting of a preliminary injunction if a plaintiff is "likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resources Defense Council*, 555 U.S. 7, 10 (2008).

A.   **Interpleader Plaintiff Fednav Has a Likelihood of Success on the Merits**

Given the nature of this action – a rule interpleader action pursuant to Fed. R. Civ. P. 22, where the interpleader plaintiff is a disinterested stakeholder seeking ultimate discharge from this action, Fednav has a likelihood of success on the merits of this action. Ultimately, this Court may accept jurisdiction over this action once it has determined that it has jurisdiction over all parties, and that competing claims exist to the disputed interpleader funds.

### B. There is a Danger of Irreparable Harm

Fednav will face irreparable harm if an injunction is not granted. As set forth in the Complaint, Plaintiff, Baffin (the vessel owner) and the Vessel face immense financial harm where the Vessel faces arrest or attachment by multiple parties asserting maritime lien claims for the same debt in relation to the same fuel delivery. *See* Comp. at ¶ 36. Plaintiff seeks to avoid inequitable (and unconstitutional)[2] double liability, and injunctive relief is appropriate to prevent another party from frustrating the effectiveness of this Court's interpleader action. *See Nebraska Association of School Boards, Inc. v. Strategic Governmental Solutions*, No. 08-3052, 2008 WL 1774989, *3 (D. Neb. April 14, 2008) (finding that interference with the interpleader by litigation in another forum constitutes irreparable harm). All of the interpleader defendant-claimants are subject to or have consented to this Court's jurisdiction, and should therefore be enjoined from interfering with the property involved in the interpleader – the Vessel - or from pursuing remedies against Fednav or Baffin *in personam*.

Additional harms caused by an arrest include (but are not limited to) disruption and delay of the Vessel's operations, delays to the Vessel's schedules, crew and cargo, congestion at the port of arrest, risks of property damage and pollution at the port while under arrest, and burdening the judicial system with duplicative legal actions where security is being made available for the claimants in this Court.

### C. Balance of Equities

The hardship suffered by Fednav in facing vessel arrest actions by the defendant-claimants asserting competing maritime liens, causing delays to the Vessel's schedules and related monetary damages, as well as forcing Fednav to post large, duplicative amounts of

---

[2] *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It is the object of courts to prevent the payment of any debt twice over").

security, far outweighs the burden of issuing a restraining order against the arrest or attachment of the Vessel, where the interpleader plaintiff is willing to fully secure defendants' claims by a deposit of 106% of the invoice amount into the court registry.[3] This is particularly true where the Vessel, Baffin and Fednav are innocent parties seeking to make payment of the invoice debt to the proper claimant. The very nature of interpleader will provide a forum for the defendants to assert their competing claims, and therefore no defendant will suffer any harm. Indeed, this Court has issued many restraining orders against *in rem* and *in personam* claims around the world with respect to the various O.W. Bunker related interpleader actions before it. While this action has been filed pursuant to Fed. R. Civ. P. 22, the equitable concerns are identical to those already considered by this Court. *See* 14-cv-9262 (S.D.N.Y.) (VEC) (D.E. 69) at 24, n.10.

### D. Public Interest

Finally, the public interest weighs in favor of requiring claimants to appear before this Court and proceed on their claims in interpleader as opposed to pursuing vessel arrests around the country, which only serve to increase costs to the litigating parties, as well as to burden the courts with the many competing claims in relation to the O.W. Bunker bankruptcy. Indeed, this Court has many O.W. Bunker interpleader matters before Judge Valerie E. Caproni (lead case no. 14-cv-9262 (S.D.N.Y.), thereby increasing the efficiency as well as uniformity across the cases involving substantially similar facts and legal issues.

### CONCLUSION

WHEREFORE, interpleader Plaintiff Fednav International Ltd., individually and on behalf of the vessel M/V Federal Tiber, requests that this Court enter a preliminary injunction pursuant to Fed. R. Civ. P. 65 and the Court's equitable powers, restraining any claimants now or

---

[3] This amount of security (100% of the highest invoice issued plus 6% interest for one year) has been approved asadequate security in at least 24 cases involving ING as assignee of O.W. claims and competing claims of various fuel suppliers. *See* 14-cv-9262 (S.D.N.Y.) (VEC) and related cases.

later known from instituting and prosecuting any proceeding against Fednav or Baffin *in personam*, or against the Vessel *in rem*, including but not limited to the arrest or attachment of the Vessel pursuant to Supplemental Admiralty Rule C or Rule B in any United States District Court, or similar action against the Vessel or Fednav elsewhere in the world, based on the assertion of any claim related to the provision of bunkers ("necessaries") described herein as the Fuel Delivery, and for such other and further relief as this Court deems just and equitable.

Dated:  New York, New York
        November 5, 2015

                                    HOLLAND & KNIGHT LLP

                                    By: _/s/ James H. Power_____
                                    James H. Power
                                    Marie E. Larsen
                                    31 West 52nd Street
                                    New York, New York 10019
                                    Telephone: 212-513-3200
                                    Telefax: 212-385-9010
                                    Email: james.power@hklaw.com
                                                       marie.larsen@hklaw.com

                                    *Attorneys for Plaintiff, Fednav International Ltd., individually and on behalf of M/V Federal Tiber (IMO No. 9644483)*

#37686711_v1